Kalle *v.* The People.

*By the Court*, SUTHERLAND, P. J. We are unanimous in the opinion that there must be a new trial in this case. After the jury had been out some twenty-four hours, they returned into court and asked for further instructions on the *law*. The judge who presided on the trial, stated that if they believed the witnesses, they should convict of manslaughter, but it was for them to say in what degree. It was purely a question of fact for the jury to determine as to whether a case of manslaughter had been proved; it was within their province to say whether the prisoner, at the time he slew the deceased, had reasonable ground to believe his own life in danger. Clearly, where a case rests upon circumstances, it is for the jury to construe those circumstances, and say whether they necessarily impute guilt to the defendant, or whether they are consistent with his innocence. To uphold the charge in this case, would be to sustain a principle, the effect of which would be to substitute the court for the jury. We do not deem it necessary to discuss the other points which were argued by the counsel for the plaintiff in error.

Judgment reversed, and new trial ordered.

---

SUPREME COURT. New York General Term, May, 1859. *Roosevelt, Sutherland* and *Lott*, Justices.

JOHN KALLE *v.* THE PEOPLE.

In criminal as well as in civil cases, it is within the discretion of the court to receive further evidence on the part of the prosecution after the summing up has been commenced.

THE prisoner was convicted, in the General Sessions of the city and county of New York, of stealing eight $100 notes of the Mechanics' & Manufacturers' Bank of Philadelphia. On the trial, after the case for the prosecution was closed, the pri-

soner's counsel objected that no proof had been given of the existence of the alleged bank or the value of its notes, if they had any value, and that his client, on that ground, as matter of law, was entitled to an acquittal. To meet this difficulty, the District Attorney, by permission of the court, notwithstanding the summing up had commenced, was allowed to introduce further witnesses. The prisoner excepted to the ruling, and brought the case on writ of error to this court.

*By the Court,* ROOSEVELT, P. J. The only question presented by the writ of error, is, does the admission of fresh evidence, at that stage of the trial, constitute a ground for setting aside the verdict of the jury.

The statute (2 *R. S.,* 735), declares that "the provisions of law in civil cases relative to compelling the attendance *and testimony of witnesses, their examination,* &c., shall extend to trials and other proceedings on *indictments,* so far as they may be in their nature applicable, subject to the provisions contained in any statute." And further, that on such criminal trials, "exceptions to any decision of the court may be made by the defendant in the same cases and manner provided by law in civil causes."

Whatever, therefore, may be the practice in other States, in this we have a precise statute for our guide. Trials on indictments for public offences, are placed on the same footing as trials on complaints for private wrongs.

In civil actions, the plaintiff, ordinarily, is required to introduce all the evidence in support of his side before resting. He cannot afterwards, it is said, supply an omission "as matter of right." (*Leland* v. *Bennett,* 5 *Hill,* 286.) But this implies that he may do so as matter of favor; in other words, that it is discretionary with the judge, in view of all the circumstances, to grant the permission or to refuse it; and that no appeal, in such case, lies from his decision. But were the decision appealable, we think it was not erroneous. The judge exercised a sound discretion in allowing the testimony to be introduced. Indeed, had he arbitrarily refused the permission in such a case

Didieu *v.* The People.

of mere technical oversight, his conduct would have been justly open to criticism.

Judgment affirmed.

---

SUPREME COURT. New York General Term, February, 1859. *Roosevelt, Davies* and *Clerke,* Justices.

## FRANCIS DIDIEU, plaintiff in error, *v.* THE PEOPLE, defendants in error.

Form of an indictment for arson in the first degree.

Under an indictment for arson in the first degree, the defendant may be convicted of arson in the third degree, where the offence proved on the trial is the burning of goods, wares, merchandise or other chattels, insured against loss or damage by fire, with intent to prejudice the insurer.

The application to such a case of the statutory provision (2 *R. S.,* 762, § 25), which allows a conviction for any degree of the offence inferior to that charged in the indictment, is not a violation of the sixth section of the State Constitution, which declares that "no person shall be held to answer for a capital or otherwise infamous crime, unless on presentation or indictment of a grand jury."

On the trial of an indictment for arson in the first degree, evidence that the prisoner had obtained an insurance on the property burned, is competent on the question of motive.

THIS case came before the court on writ of error to the New York General Sessions, where the prisoner was indicted for arson in the first degree. The indictment was as follows:

*City and County of New York, ss:*

The jurors of the People of the State of New York, in and for the body of the city and county of New York, upon their oath, present:

That Francis Didieu, late of the fifth ward of the city of New York, in the county of New York aforesaid, on the twenty-first day of March, in the year of our Lord one thousand eight hundred and fifty-eight, at the ward, city and